## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| In re: GREGORY ARON BACH | |
| Debtor | Case No. 25-15325-MCR |
| | Chapter 13 |
| IRA SHAVEL | |
| and | |
| ELENA KACZOROWSKI | |
| Plaintiffs | Adv. Proc. No. _____ |
| vs. | |
| GREGORY ARON BACH | |
| Debtor/Defendant | |

## COMPLAINT OBJECTING TO DISCHARGE OF DEBTS

Pursuant to 11 U.S.C. Section 523(a)(4), Plaintiffs Ira Shavel and Elena Kaczorowski (hereinafter "Plaintiffs"), by counsel, Barkley & Kennedy, Chartered and Daniel M. Kennedy, hereby file this Complaint Objecting to Discharge of Debts and as grounds therefore state as follows:

1. Jurisdiction is based on 28 U.S.C. Sections 157 and 1334, 11 U.S.C. and Sections 105 and 523(a)(4). The matter is a core proceeding pursuant to 11 U.S.C. 157.

2.      Debtor/Defendant Gregory Aron Bach (hereafter "Defendant") filed a Petition for Relief in this matter under 11 U.S.C. Chapter 13 on June 11, 2025, upon which filing Rebecca A. Herr was appointed the trustee.

3.      Prior to the commencement of these proceedings, the Defendant engaged with the public as a residential home improvement contractor in the State of Maryland and conducted such business without the issuance of the required Maryland Home Improvement license.

4.      The Plaintiffs are husband and wife and the owners of real property in Montgomery County, Maryland with street address 9212 Midwood Rd., Silver Spring, MD 20910 (hereafter, "Home").

5.      On or about August 24, 2023, Plaintiffs entered into a contract with the Defendant for the construction by the Defendant of a sunroom addition to the Home, with an amendment thereto dated February 20, 2024, and numerous changes order hereafter, collectively, referred to as the "Contract". (See Contract attached hereto as "Exhibit A").

6.      Defendant defaulted on the Contract prior to its completion and has not returned to the Home since on or before January 29, 2025.

7.      Plaintiffs purchased and paid for items to be delivered for installation in the sunroom by the Defendant and the terms of the Contract and oral modifications thereto provided for the supplies, material and appliances to be received and stored by the Defendant until such time as the Home was ready for the use and installation of such supplies, materials and appliances (hereafter, "Plaintiffs' Property").

8.      Prior to the default by the Defendant, he demanded payment from the Plaintiff of fees for storage of Plaintiffs' Property, indicating "Storage of materials is $600 per month, due retroactively for the month of January". (See email of January 14, 2025, from the Defendant to the Plaintiffs parties, attached hereto as Exhibit B).

9.  Previously, as set forth in the email from Defendant to Plaintiffs dated April 17, 2024, attached hereto as Exhibit C, Defendant had directed the Plaintiffs to send appliances that they purchased directly to him for storage "free of charge".

10. Further, a Term Sheet was executed by Defendant on September 24, 2024, a copy of which is attached hereto as Exhibit D, which identified most of Plaintiffs' Property and identified it in a fashion that clearly indicated the property was owned by them though much of it remained in Defendant's possession and control. The Term Sheet broke down property that Plaintiffs had already paid for or property that was ordered for or by them and "Items not yet purchased".

11. As an example of the ownership issues agreed upon by the parties, one particular item purchased by Plaintiffs from the manufacturer at a cost of $6455 and stored by Defendant, a Wolf Charbroiler Gas Grill, (see Chef's Deal Invoice attached hereto as Exhibit E) is set forth under in the Term Sheet under the category of "materials on hand and ready to go or order (list may not be complete)".

12. The Defendant acknowledged during the Section 341 Meeting of Creditors that he listed Plaintiff's Wolf CharbroilerGas Gril for resale on the internet but was not successful in selling it.

13. Further, the Defendant acknowledged at the Meeting of Creditors that he had other material, supplies and/or appliances but had to access his storage facility to identify the property and, additionally, he acknowledged having possession of a guitar he possessed to repair for the Plaintiffs that he had not returned to them.

14. Subsequent to Defendant's default on the Contract, Plaintiffs demanded the turnover of Plaintiffs' Property (see list attached hereto as Exhibit F) that was in his possession or control, which demand was ignored by the Defendant to date.

15. Defendant acts clearly support Plaintiffs' contention that he has intentionally appropriated Plaintiffs' Property for his own use and benefit.

16. Defendant's intentional acts are further demonstrated by his failure to identify any of Plaintiffs' Property on his bankruptcy schedules or Statement of Financial Affairs and has failed to disclose the existence of his storage facility on his Statement of Financial Affairs. (See attached Schedule B and Statement of Financial Affairs marked as Exhibits G and H, respectively)

17. Defendant's wrongful retention of Plaintiffs' Property as exhibited by his attempts to sell their property and refusal to return Plaintiff's Property to them after demand, constitutes fraud, defalcation while acting in a fiduciary capacity, embezzlement and/or larceny and constitutes a debt that is non-dischargeable under Section 523(a)(4) of the United States Bankruptcy Code.

18. Plaintiffs have incurred financial damages as a direct and proximate result of Defendant's wrongful possession of their property in an amount consistent with the value of Plaintiffs' Property.

WHEREFORE, the Plaintiffs respectfully requests that this Court enter an Order that:

a. Excepts from any discharge granted to the Debtor/Defendant in his underlying bankruptcy proceeding all debts of the Debtor/Defendant to the Plaintiffs, Ira Shavel and Elena Kaczorowski, arising from the Sunroom Fabrication Contract dated August 24, 2023, and all amendments and change orders thereto;

4

b.  Enters Judgment against the Debtor/Defendant for the value of their property that Debtor possesses or failed to return to them and costs of these proceedings; and

c.  Grants Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

**BARKLEY & KENNEDY, CHARTERED**

By: /s/ Daniel M Kennedy, III
DANIEL M. KENNEDY, III, ESQ.
51 Monroe Street, Suite 1407
Rockville, MD 20850
(301) 251-6600; (301) 762-2606 (Fax)
dkennedy@barkenlaw.com
*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 22nd day of September 2025, that a copy of the foregoing Complaint Objecting to Discharge of Debts was mailed first-class, postage prepaid, and/or electronically sent via the CM/ECF system, to:

Gregory Aron Bach
120 Columbia Street
Cumberland, MD 21502

Teri Ann Lowery, Esq.
75 Greene Street
Cumberland, MD 21502

Rebecca Herr, Ch. 13 Trustee

Office of the U.S. Trustee
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770

/s/ Daniel M. Kennedy, III
Daniel M. Kennedy, III